UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

JOHN KETZNER #119069,
        Plaintiff

v.                    NO. 2:08-cv-10893

FAELYN FELLHAUER, *et al,*.        DISTRICT JUDGE DAVID M. LAWSON
        Defendants             MAGISTRATE JUDGE STEVEN D. PEPE
_____/

ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL
AND RULE 56(f) AFFIDAVIT (DKTS #14 AND 15)

Plaintiff Ketzner filed this action under 42 U.S.C. §§ 1983, 1985 and 1986, accusing defendants of violating his constitutional rights. On June 23, 2008, Plaintiff filed a motion for appointment of counsel (Dkt. #14).

Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. *See also Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Such an appointment of counsel "is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). In determining whether such exceptional circumstances exist, a court should consider the type of case involved; the abilities of the plaintiff to represent himself, especially in light of the complexity of the factual and legal issues; and whether the *pro se* litigant's claims are frivolous or have an extremely slim chance of success. *Id.*; *Reneer,* 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).

Based on several considerations, plaintiff's motion is denied. The issues plaintiff raise regarding the imposition of the co-payment is factually straightforward . Furthermore, the pleadings indicate that plaintiff understands the legal issues and is capable of presenting these issues to the Court in a satisfactory manner.

Defendant Brian Douglas filed a motion for summary judgment on June 4, 2008 (Dkt. #11) to which Plaintiff responded on June 23, 2008 (Dkt. #12). If Plaintiff's claims survive summary disposition, Plaintiff may renew his motion for appointment of counsel at that time.

Also on June 23, 2008, Plaintiff filed a Rule 56(f) Affidavit (Dkt. #15). A party opposing a motion may show by affidavit that for specified reasons it cannot present facts essential to justify its opposition to a motion for summary judgment. Fed. R. Civ. P. 56(f). Upon a showing of specified reasons, a court may deny the motion, order a continuance or issue any other just order. *Id*. Plaintiff argues that because co-defendant Faelyn Fellhauer has not yet been served, no discovery has been effectuated on her in the form of interrogatories, document production, depositions and admissions. He requests that Defendant Douglas's motion for summary judgment be held in abeyance until Defendant Fellhauer is served and discovery is completed. He believes that information gleaned from discovery from Defendant Fellhauer might implicate Defendant Douglas making his response to Defendant Douglas's motion for summary judgment stronger. But Plaintiff fails to articulate specific reasons for this belief or specific reasons as to how the available discovery in regards to Defendant Douglas has been inadequate to properly formulate his response. For these reasons, Plaintiff's Rule 56(f) is considered but the relief sought is **DENIED.**

Accordingly, Plaintiff's motion for appointment of counsel and Rule 56(f) Affidavit request to hold Defendant Douglas's motion in abeyance are **DENIED.**

SO ORDERED.

Date: July 7, 2008　　　　　　　　　　　　　　　　　　　s/Steven D. Pepe  
Ann Arbor , Michigan　　　　　　　　　　　　　　　　　United States Magistrate Judge

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 7, 2008.

        s/ Alissa Greer
        Case Manager to Magistrate
        Judge Steven D. Pepe
        (734) 741-2298