UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

JOHN KETZNER #119069,

        Plaintiff,                NO. 2:08-cv-10893

v

FAELYN FELLHAUER, *et al.*,        DISTRICT JUDGE DAVID M. LAWSON
                              MAGISTRATE JUDGE STEVEN D. PEPE

        Defendants.

_____

## ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY(DKT. #13)

On March 4, 2008, Plaintiff commenced this action, seeking relief under 42 U.S.C. §§

1983, 1985 and 1986 for violation of his civil rights.  In his Complaint, Plaintiff alleges that,

while incarcerated at the Gus Harrison Correctional Facility ("ARF"), Defendants ARF Nurse

Faelyn Fellhauer and Brian Douglas conspired to retaliate against Plaintiff in violation of 42

U.S.C. § 1985(3).[1]

On June 4, 2008, Defendant Douglas filed a motion for summary judgment based in part

on qualified immunity and Eleventh Amendment Immunity (Dkt. #11) to which Plaintiff

responded on June 23, 2008 (Dkt. #12).  On July 1, 2008, Defendant Douglas filed a motion to

stay discovery pending resolution of the motion for summary judgment (Dkt. #13).  All pre-trial

matters were referred under 28 U.S.C. § 636(b) (Dkt. #5).

The Supreme Court in *Siegert v. Gilley*, 500 U.S. 226, 111 S. Ct. 1789 (1991), held that

---

[1] Plaintiff referred to 42 U.S.C. §1983(5) in his complaint alleging a conspiracy to violate
his civil rights.  Because there is no 42 U.S.C. § 1983(5) statute  but there is a 42 U.S.C. §
1985(3) relating to conspiracy to deprive an individual of his constitutional rights, the Court
assumes Plaintiff made a clerical error when typing the statute and will for the purposes of this
Report and Recommendation analyze the claim under 42 U.S.C. § 1985(3).

immunity is a question of law for the court to determine whether the plaintiff has alleged the violation of a clearly established constitutional right.   In instances when a court is faced with an issue of law, such as immunity, discovery proceedings should be stayed. *Id.* at 231 (citations omitted).  Qualified immunity entitles an individual defendant not only immunity from damages, but from suit.  Thus, discovery on matters related to the merits and not to the issue of qualified immunity are properly stayed pending resolution of dispositive motions based on qualified immunity.   Therefore, Defendant's motion to stay discovery is **GRANTED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Dated**:** August 29, 2008                                    s/ Steven D. Pepe
Ann Arbor, MI                                                      United States Magistrate Judge

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on 8/29/08 .

s/Jermaine Creary
Deputy Clerk