UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN D. KETZNER,

        Plaintiff,

                        Case Number 08-10893
v.                        Honorable David M. Lawson
                        Magistrate Judge Steven D. Pepe

FAELYN FELLHAUER and
BRIAN DOUGLAS,

        Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND
GRANTING DEFENDANT DOUGLAS'S MOTION FOR SUMMARY JUDGMENT**

      This matter is before the Court on the plaintiff's objections to a report filed by Magistrate Judge Steven D. Pepe recommending that defendant Brian Douglas's motion for summary judgment be granted. The plaintiff is a prisoner in the custody of the Michigan Department of Corrections. The defendants are a nurse at one of the correctional facilities and her supervisor. The plaintiff alleges that Nurse Fellhauer violated his constitutional rights when she authorized a $5 co-payment charge against the plaintiff's prison account, allegedly in retaliation for his complaint against her for inadequate treatment during medical visit. His complaint against Douglas is based on Douglas's approval of Fellhauer's actions and his refusal to reverse the co-payment charge. The case was referred to Judge Pepe to conduct all pretrial proceedings. Defendant Douglas then moved for summary judgment on the basis of governmental (Eleventh Amendment) and qualified immunity. On October 15, 2008, Judge Pepe filed a report recommending that the motion be granted. The plaintiff filed timely objections. The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and has made a *de novo* review of the record in light of the parties'

submissions. The Court now concludes that the plaintiff has failed to establish a right to relief under the Fourteenth Amendment, Douglas is entitled to absolute immunity in his official capacity for claimed violations of the First Amendment, and his is entitled to qualified immunity in his individual capacity. The Court will adopt the magistrate judge's report, grant defendant Douglas's motion for summary judgment, and dismiss him as a party to the case.

I.

In 2007, the plaintiff was incarcerated at a Michigan Department of Corrections prison known as the Gus Harrison Corrections Facility. On September 2 of that year, the plaintiff became ill, his cellmate summoned prison guards, and the plaintiff was taken to a health services examination room where defendant Faelyn Fellhauer, a registered nurse at the prison, examined him. After Fellhauer took the plaintiff's temperature and blood pressure, she concluded that he had come down with the flu or was dehydrated. The plaintiff disputed that diagnosis and argued with Fellhauer to the point where she asked a prison guard to remove him from the room and return him to his cell. However, Fellhauer promised the plaintiff that he would get an appointment with a physician in the future.

The plaintiff says he continued to suffer from symptoms of disorientation, vertigo, weakness, and severe headaches for the next thirteen days. On September 3, 2007, the plaintiff filed a grievance against Fellhauer. On September 10, 2007, the plaintiff submitted a health care request asking to see a physician. The next day, the plaintiff was interviewed by a nurse supervisor relating to his grievance against Fellhauer. During the interview, the nurse supervisor promised to arrange for the plaintiff to see a physician, which occurred two days later.

On September 12, 2007, the plaintiff discovered that Fellhauer had authorized a deduction of $5 from his prison account as a co-payment for the September 2, 2007 visit. He claims that this charge was not authorized under Michigan Department of Corrections (MDOC) policies and procedures and was in retaliation for his filing a grievance against Fellhauer.

The plaintiff then complained via letter to the nurse supervisor about the co-payment deduction. The nurse supervisor in turn forwarded the plaintiff's complaint to defendant Douglas, the health unit manager, who refused to reverse the co-payment charge. The plaintiff alleges that "Douglas responded to plaintiffs concerns by memo. He supported Fellhauer's actions, refused to overrule the unauthorized co-payment, and he justified his actions by misapplying MDOC policies and procedures." Compl. ¶ 43. He claims that defendant Douglas violated 42 U.S.C. § 1985(3) based on the following:

> Defendant Fellhauer and Defendant Brian Douglas, Health Unit Manager for ARF Health Services, in violation of the First Amendment prohibition against retaliation, conspired or shared a common objective, directly or indirectly, for the purpose of retaliating against plaintiff for engaging in constitutionally protected free speech by authorizing a co-payment charge which defendants knew to be contrary to policy and procedure and, thereby, deprived him of the equal protection of the laws and of the equal privileges, rights, and immunities to which he is entitled under the laws, and they have acted together in furtherance of that conspiracy to deprive plaintiff of his constitutional rights.

Compl. ¶ 63. In his complaint, the plaintiff also claims that Douglas violated 42 U.S.C. § 1986.

Douglas moved for summary judgment. In response to the defendant's motion, the plaintiff conceded that he could not make out a claim under sections 1985 or 1986, but asserted that his claim should be construed as brought under 42 U.S.C. § 1983.

The magistrate judge reviewed the plaintiff's allegations indulgently. He concluded that construing the action as one under section 1983 was appropriate because the plaintiff cited 42 U.S.C.

§ 1983 in other parts of the complaint. He then considered all possible constitutional theories that might have been conjured from the plaintiff's allegations. Judge Pepe found that the plaintiff had failed to establish a procedural due process violation because the plaintiff did not plead or prove that there exists no adequate post-deprivation state remedy for the billing error. Nor did the plaintiff establish a liberty interest created by the prison policies. The magistrate judge also concluded that the plaintiff failed to establish a substantive due process violation under the allegations in the complaint.

The magistrate judge then addressed the theory of retaliation for speaking out, which is prohibited by the First Amendment. Judge Pepe concluded that Douglas was entitled to sovereign immunity in his official capacity, and qualified immunity in his personal capacity. In the qualified immunity discussion, the magistrate judge concluded that the plaintiff had alleged a constitutional claim against Douglas. He assumed that the plaintiff had a First Amendment right to complain to a health care provider about an incorrect diagnosis. He also concluded that whether a $5 charge would deter an inmate of ordinary firmness from complaining was "questionable," but appropriate for jury resolution. He also concluded that it was a "close call" whether a jury could find causation on the facts alleged, but again found that the allegations were sufficient to state a claim.

However, "given the close and questionable nature of fact issues" identified above, the magistrate judge concluded that "it is inconceivable that a Health Unit Manager in Defendant Douglas' position would have recognized that in upholding the $5 co-pay assessment against Plaintiff, he was ratifying and became responsible for retaliation against Plaintiff . . ." Rep. & Rec. at 17. The magistrate judge concluded, therefore, that Douglas was entitled to qualified immunity.

The plaintiff objects to the magistrate judge's discussion of post-deprivation remedies, as his claim is one for First Amendment retaliation. Second, the plaintiff objects to the magistrate judge's conclusion that he lacks a liberty interest created by the prison policy, because he is complaining about retaliation. Non-compliance with prison policies in retaliation is egregious, even if a $5 charge is not. These objections lack merit, since the magistrate judge was merely construing the facts and allegations in the light most favorable to the plaintiff, considering (and properly rejecting) those possible theories of liability.

Third, the plaintiff takes issue with the magistrate judge's conclusion about qualified immunity. He argues that Douglas had a duty to comply with prison policies; he could not approve a co-pay that violated these policies; and a reasonable person in his position would have known that approval of a co-pay that violated the policies as a way of retaliating against the plaintiff was unlawful.

## II.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When deciding a motion for summary judgment, the Court views the evidence and draws all reasonable inferences in favor of the non-moving party. *Hardesty v. Hamburg Twp.*, 461 F.3d 646, 650 (6th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Ibid.* Nevertheless, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The defense of qualified immunity does not entitle the defendant to the benefit of a heightened pleading requirement or burden of proof imposed upon the plaintiff. *Crawford-El v. Britton*, 523 U.S. 574, 577-78 (1998). However, in *Crawford-El*, the Supreme Court "reiterate[d] that in cases in which qualified immunity is raised as an affirmative defense, 'firm application of the Federal Rules of Civil Procedure is fully warranted and may lead to the prompt disposition of insubstantial claims.'" *Goad v. Mitchell*, 297 F.3d 497, 503 (6th Cir. 2002) (quoting *Crawford-El*, 523 U.S. at 597). Therefore, the failure of a plaintiff to plead or prove an essential element of his claim entitles the defendant to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986) (observing that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

The plaintiff's objections make it clear that his sole remaining claim against defendant Douglas is under 42 U.S.C. § 1983 for violating his First Amendment rights based on retaliation against the plaintiff for filing a grievance against nurse Fellhauer. In order to succeed on a claim under section 1983, the plaintiff must prove (1) that there was a deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under of color of state law. *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). There is no dispute that as an employee working for a health care provider in a Michigan prison, the defendant was acting under color of state law. *See Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) ("It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988))).

The first element of the section 1983 claim can be satisfied by a showing of retaliation in violation of the First Amendment. As the magistrate judge recognized,

> [a] retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

Although finding that the plaintiff satisfied each of these elements, the magistrate judge nevertheless concluded that it would be "inconceivable" that a defendant who simply upheld the decision of a subordinate could be held liable for retaliation. Following the two-stage analytical framework establish in *Saucier v. Katz*, 533 U.S. 194, 201 (2001), the magistrate judge found that the plaintiff made out a violation of his constitutional rights, but that the right was not clearly

established. The Supreme Court has retreated recently from that protocol, *see Pearson v. Callahan*, --- S. Ct. ----, 2009 WL 128768 (Jan. 21, 2009), but the Court finds it useful nonetheless. The Court finds that the plaintiff's First Amendment claim is not viable because he has not shown retaliation on the part of defendant Douglas.

The Sixth Circuit has explained that supervisory personnel who merely respond to a grievance are not liable under section 1983 for claims of retaliation. *Shehee v. Luttrell*, 199 F.3d 295 (6th Cir. 1999). In *Shehee*, the court noted:

> Defendants Crosley, Hambrick, Henry, Miner and Luttrell argue that they were not involved in Shehee's termination from his commissary job and that their only roles in this action involve the denial of administrative grievances or the failure to act; thus, they cannot be liable under § 1983. We agree. . . . In the present case, Shehee's only allegations against Crosley, Hambrick, Henry and Miner involve their denial of his administrative grievances and their failure to remedy the alleged retaliatory behavior. . . . There is no allegation that any of these defendants directly participated, encouraged, authorized or acquiesced in the claimed retaliatory acts against Shehee, nor is there any evidence that these defendants violated Shehee's right to equal protection under the law. Accordingly, we hold that as a matter of law Crosley, Hambrick, Henry, Miner and Luttrell neither committed a constitutional violation nor violated a clearly established right to which Shehee was entitled.

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Similarly, in the present case the plaintiff only alleges that Douglas failed to remedy the retaliatory behavior of Fellhauer. He does not say that Douglas directly participated in effectuating the co-payment charge or did anything with respect to it other than not reverse it. Under *Shehee*, the plaintiff has failed to plead or prove a constitutional claim against Douglas. The magistrate judge's conclusion that Douglas should be dismissed from the case, therefore, was correct. The plaintiff's objections are without merit.

III.

The Court agrees with the magistrate judge's conclusion that the plaintiff fails in his effort to maintain a claim against defendant Brian Douglas.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #22] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections to the recommendation [dkt #24] are **OVERRULED**.

It is further **ORDERED** that the defendant Douglas's motion for summary judgment [dkt #11] is **GRANTED**, and the complaint against defendant Douglas is **DISMISSED with prejudice**.

It is further **ORDERED** that the matter is referred to Magistrate Judge Steven D. Pepe under the previous reference order [dkt #5] to ready the matter for trial, and to conduct a trial if the remaining parties consent under 28 U.S.C. § 636(c)(1).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: January 26, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 26, 2009.

s/Felicia M. Moses
FELICIA M. MOSES